MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ROBERT DAVID REES (CASBN 229441)
Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Facsimile: (415) 436-7234
   Email: robert.rees@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID CUEVAS HIDALGO, ) <br>    a/k/a David Cuevas, and ) <br> EPITACIO MARTINEZ, ) <br> ) <br>    Defendants. ) <br> ) | No. CR 12 0178 YGR <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CERTAIN AUDIOVISUAL FILES** |

With the agreement of the parties, and with the consent of the defendant, the Court enters the following order:

Defendants DAVID CUEVAS HIDALGO and EPITACIO MARTINEZ have requested Rule 16 discovery and the United States is willing to produce it and has produced some of it. The United States is in possession of certain audiovisual files that it also intends to produce. These files contain sensitive law enforcement information. Accordingly, the United States requests, and the defendants agree, that disclosure of these materials be subject to the following restrictions:

    1.    Except when being actively examined for the purpose of the preparation of

Protective Order
CR 12 0178 YGR

the federal defense of defendants in the above-captioned case, the information produced by the United States to defense counsel shall be maintained in a locked safe, secure drawer, or cabinet, which is accessible only to defense counsel and counsel who are members of their case preparation teams working with them in the federal criminal defense of the defendants.  Defense counsel and members of their case preparation team shall not permit any person access of any kind to the information except as set forth below.

    2.    The following individuals may examine the information for the sole purpose of preparing the federal defense of defendants in the above-captioned case and for no other purpose:

        a.    Counsel for the defendants, Ruben Munoz and H. Ernesto Castillo;

        b.    Persons employed, or who have been contracted to work on this case, by defense counsel who are assisting with the preparation of defendants' federal defenses in the above-captioned case;

        c.    Any expert(s) retained on behalf of defendants to assist in the federal defense of the above-captioned case;

        d.    Any investigator(s) retained on behalf of defendants to assist in the federal defense of the above-captioned case; and

        e.    Defendants DAVID CUEVAS HIDALGO and EPITACIO MARTINEZ, who may examine the information only in the presence of counsel, and who may not personally receive or keep any copies of the information.

        f.    Counsel for the defendants shall maintain a log of any copies made, provided, and/or examined to or by any of the aforementioned individuals, which log shall include the document(s) copied or examined and the person(s) provided to for each copy made.

    3.    A copy of this order shall be maintained with the information at all times.

    4.    All individuals who receive access to the materials pursuant to this Order,

prior to receiving access to the materials, shall sign a copy of this order acknowledging that:

    a.    They have reviewed the order;

    b.    They understand all its contents;

    c.    They agree that they will only access the information for the purposes of preparing a federal defense for defendants in the above-captioned case;

    d.    They understand that failure to abide by this order may result in sanctions by this Court and criminal charges for contempt.

5.    With regard to the orders signed pursuant to paragraph 4, counsel for the defendants shall promptly file signed copies of the order, ex parte and under seal. The United States shall have no access to these signed copies without further order of the Court.

6.    No other person may be allowed to examine the material without further court order. Examination of the information shall be done in a secure environment which will not expose the materials to other individuals not listed above.

7.    Other than the copies authorized and logged in paragraph 2, no copies of any of the information may be made without further court order.

8.    Any pleadings that include or make reference to the information, or the above-described orders or their contents, shall be filed under seal, absent express written stipulation by the parties.

9.    No person who has access to the information shall inform any individual not listed above as to the contents of the information disclosed in any manner, form, or fashion, whether written or oral. This obligation shall include suggesting in any way to an uncovered individual that any particular document has been provided.

10.    Counsel for the defendants, within five court days of the conclusion of the

Protective Order
CR 12 0178 YGR

3

| | |
|---|---|
| 1 | above-captioned proceedings before the district court shall retrieve all |
| 2 | copies made of all documents provided to anyone pursuant to this order and |
| 3 | maintain them in a secure environment which will not expose the materials |
| 4 | to any other person.  By the same time, counsel for the defendants shall also |
| 5 | file under seal and ex parte the log described in Paragraph 2.f.  The United |
| 6 | States shall have no access to this log without further order of the Court. |
| 7 | By the same time, counsel for the defendants shall also file a sworn |
| 8 | declaration indicating that all copies of the aforementioned materials have |
| 9 | been retrieved and maintained in a secure environment which will not |
| 10 | expose the materials to any other person.  If the defendant believes that any |
| 11 | of these materials must be released to any other person for any reason |
| 12 | related to appeal, the defendant must seek authorization from the District |
| 13 | Court. |

IT IS SO STIPULATED:

MELINDA HAAG
United States Attorney

DATED:  July 6, 2012        By:          /s/
ROBERT DAVID REES
Assistant United States Attorney

DATED:  July 6, 2012                     /s/
RUBEN MUNOZ, ESQ.
Attorney for DAVID CUEVAS HIDALGO

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.  It is also ORDERED that the previous protective order issued in this case remain in full effect.

DATED: ___July 19, 2012___

HON. YVONNE GONZALEZ ROGERS
United States District Judge

Protective Order
CR 12 0178 YGR

4